UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

DAWSON SHARPE

                         Plaintiff,

                                                      9:05-CV-1003
v.                                                    (GTS/GHL)

JUSTIN TAYLOR, Superintendent, Gouverneur C.F.;
S. COCCO, Correctional Officer, Gouverneur C.F.;
D. PLOWMAN, Correctional Officer, Gouverneur C.F.;
R. SHERIDAN, Correctional Officer, Gouverneur C.F.;
D. SORRELL, Correctional Officer, Gouverneur C.F.;
R. THERIAULT, Sergeant, Gouverneur C.F.;
C. HONSKY, Correctional Officer, Gouverneur C.F.;
D. McDONALD, Correctional Officer, Gouverneur C.F.;
R. BALL, Correctional Officer, Gouverneur C.F.;
J. MARNELL, Correctional Officer, Gouverneur C.F.,

                         Defendants.[1]

_____

APPEARANCES:                                 OF COUNSEL:

DAWSON SHARPE, 86-A-9994
    Plaintiff, *Pro Se*
Cape Vincent Correctional Facility
Route 12E, Box 599
Cape Vincent, NY 13618

HON. ANDREW M. CUOMO                         HEATHER R. RUBINSTEIN, ESQ.
Attorney General for the State of New York   Assistant Attorney General
    Counsel for Defendants
The Capitol
Albany, NY 12224-0341

HON. GLENN T. SUDDABY, United States District Judge

_____

[1]        Plaintiff's Amended Complaint appears to incorrectly spell the names of several of the Defendants to this action, whose names are correctly spelled in this Decision and Order. (*Compare* Dkt. No. 35 [Plf.'s Am. Compl.] *with* Dkt. Nos. 7, 8, 10, 11, 12, 41, 42, 43, 47, 57 [Acknowledgments of Service].)

<u>**DECISION and ORDER**</u>

Currently before the Court in this *pro se* prisoner civil rights action are (1) Defendants'
motion to dismiss numerous claims asserted in Plaintiff's Complaint pursuant to Fed. R. Civ. P.
12(b)(6) and/or Fed. R. Civ. P. 56 (Dkt. No. 68), (2) Plaintiff's response to Defendants' motion
(Dkt. No. 72), and (3) United States Magistrate Judge George H. Lowe's Report-
Recommendation recommending that Defendants' motion be granted in part and denied in part
(Dkt. No. 74).  Neither has party filed an Objection to the Report-Recommendation.  For the
reasons set forth below, the Report-Recommendation is accepted and adopted in its entirety,
Defendants' motion is granted in part and denied in part.

I.      **BACKGROUND**

      A.      **Plaintiff's Amended Complaint**

On March 27, 2007, Plaintiff filed an Amended Complaint in this action asserting various
claims against ten (10) employees of the New York State Department of Corrections ("DOCS")
at Gouverneur Correctional Facility ("Defendants").  (Dkt. No. 35.)  Generally, in his Amended
Complaint, Plaintiff alleges that Defendants violated his constitutional rights under the First,
Eighth, and Fourteenth Amendments when they (1) denied him medication, (2) washed his
clothing with the mop heads used to clean the correctional facility, (3) physically attacked him,
(4) filed false misbehavior reports against him, and (5) threatened to harm him if he filed any
grievances.  (*Id.*)  Plaintiff's claims are accurately described in more detail in Magistrate Judge
Lowe's Report-Recommendation.  (*See* Dkt. No. 74, at 2-6.)

### B.    Defendants' Motion

On May 30, 2008, Defendants filed a motion seeking dismissal of numerous claims asserted in Plaintiff's Amended Complaint.  (Dkt. No. 68.)  Generally, Defendants' motion argues that Plaintiff's claims should be dismissed for failure to state a claim upon which relief may be granted pursuant to Fed. R. Civ. P. 12(b)(6), and/or that Plaintiff's claims should be dismissed as unsupported by admissible record evidence sufficient to create a triable issue of material fact pursuant to Fed. R. Civ. P. 56.  (*Id.*)

More specifically, Defendants advanced the following alternative arguments: (1) Plaintiff has failed to state a First Amendment retaliation claim against Defendants Theriault, Ball, and Marnell based on their (alleged) threats or verbal and/or sexual harassment; (2) Plaintiff has failed to state, and/or failed to adduce admissible record evidence establishing, an Eighth Amendment conditions-of-confinement claim against Defendants Cocco and Sorrell based on the (alleged) use of dirty mop heads; (3) Plaintiff has failed to state, and/or failed to adduce admissible record evidence establishing, an  a First Amendment retaliation claim against Defendants Sorrell, Honsky, McDonald, and Ball based on their (alleged) issuance of false misbehavior reports against him; (4) Plaintiff has failed to state an Eighth Amendment inadequate-medical-care claim against Defendants Cocco and Sorrell based on their (alleged) use of dirty mop heads and Defendant Plowman's (alleged) removal of medication from Plaintiff's personal property; (5) Plaintiff has failed to state an Eighth Amendment excessive-force claim against Defendants Plowman, Sheridan, and Theriault; (6) Plaintiff has failed to allege facts plausibly suggesting sufficient personal involvement by Defendant Taylor; and (7) Defendants are protected from liability as a matter of law by the doctrine of qualified immunity.  (*Id.*)

On July 29, 2008, Plaintiff filed a response in opposition to Defendants' motion for summary judgment.  (Dkt. No. 72.)

### C.     Magistrate Judge Lowe's Report-Recommendation

On March 26, 2009, Magistrate Judge Lowe issued a Report-Recommendation recommending that Defendants' motion be granted in part and denied in part. (Dkt. No. 74.) More specifically, Magistrate Judge Lowe found that Defendants' Rule 7.1 Statement of Material Facts was deficient because (1) the Statement did not set forth each material fact about which they assert that no genuine issue exists, and (2) Defendants therefore inform neither Plaintiff nor the Court of the record evidence supporting Defendants' arguments.  (*Id.*)  As a result, to the extent that Defendants requested summary judgment pursuant to Fed. R. Civ. P. 56, Magistrate Judge Lowe treated that request as a request for judgment on the pleadings pursuant to Fed. R. Civ. P. 12(c).  (*Id.*)

Magistrate Judge Lowe then evaluated all of the claims contained in Plaintiff's Complaint pursuant to the applicable legal standard, i.e., the standard governing Rule 12(b)(6) motions to dismiss for failure to state a claim.  (*Id.*)  In doing so, Magistrate Judge Lowe made four recommendations.  (*Id.*)

First, he recommended that Defendants' motion to dismiss be granted as to the following claims: (1) all claims against Defendant Marnell; (2) the First Amendment retaliation claim against Defendant Honsky arising from the August 25, 2005, misbehavior report; (3) the First Amendment retaliation claim against Defendant Sorrell arising from the April 2005 misbehavior report and disciplinary hearing testimony; (4) the Eighth Amendment inadequate-medical-care claims against Defendants Cocco, Sorrell, and Plowman; (5) the Eighth Amendment excessive-

4

force claims against Defendants Plowman, Sheridan, and Theriault; and (6) the Eighth Amendment conditions-of-confinement claims against Defendants Cocco and Sorrell arising from the (alleged) use of dirty mop heads.  (*Id.*)

Second, Magistrate Judge Lowe recommended that Defendants' motion be denied *without prejudice* as to the following claims: (1) the First Amendment retaliation claim against Defendant Theriault arising from the August 31, 2005, threat; (2) the First Amendment retaliation claim against Defendant Theriault arising from the January 23, 2006, threat; (3) the First Amendment retaliation claim against Defendant Ball arising from the April 25, 2006, threat; (4) the First Amendment retaliation claim against Defendant Honsky arising from the August 31, 2005, misbehavior report; (5) the First Amendment retaliation claims against Defendant McDonald arising from the January 2006 misbehavior reports; (6) the First Amendment retaliation claim against Defendant Ball arising from the April 26, 2006, misbehavior report; and (7) the Eighth Amendment conditions-of-confinement claim against Defendant Taylor.  (*Id.*)

Third, Magistrate Judge Lowe recommended that the Court *sua sponte* dismiss the following claims: (1) any Fourth Amendment claim against Defendant Plowman arising from his removal of Plaintiff's medication from Plaintiff's personal property; (2) any First Amendment retaliation claim against Defendant Cocco arising from his transfer of Plaintiff to another dormitory; and (3) any Eighth Amendment inadequate-medical-care claim against Defendant Sorrell arising from the April 2005 misbehavior report.  (*Id.*)

Finally, Magistrate Judge Lowe recommended that the Court find that the following claims, which Defendants failed to address, are sufficiently well pleaded to withstand *sua sponte*

review: (1) a First Amendment retaliation claim against Defendant Plowman arising from the alleged physical attack on November 6, 2004; (2) a First Amendment retaliation claim against Defendant Sheridan arising from the alleged physical attack on November 9, 2004; (3) a First Amendment retaliation claims against Defendants Theriault and Sheridan arising from the alleged physical attack on August 31, 2005,; and (4) a First Amendment retaliation claim against Defendant Plowman arising from the alleged removal of Plaintiff's medication from his personal property on September 3, 2005.  (*Id.*)

Neither party has submitted any Objections to the Report-Recommendation.  Familiarity with the grounds of Magistrate Judge Lowe's Report-Recommendation is assumed in this Decision and Order, and only those facts necessary to the discussion will be set forth herein.

## II.    APPLICABLE LEGAL STANDARDS

### A.    Standard of Review on Objection from Report-Recommendation

When specific objections are made to a magistrate judge's report-recommendation, the Court makes a "de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made."  *See* 28 U.S.C. § 636(b)(1)(C).[2] When only general objections are made to a magistrate judge's report-recommendation, the Court

---

[2]     On *de novo* review, "[t]he judge may . . . receive further evidence . . . ."  28 U.S.C. § 636(b)(1)(C).  However, a district court will ordinarily refuse to consider arguments, case law and/or evidentiary material that could have been, but was not, presented to the Magistrate Judge in the first instance.  *See, e.g., Paddington Partners v. Bouchard*, 34 F.3d 1132, 1137-38 (2d Cir. 1994) ("In objecting to a magistrate's report before the district court, a party has no right to present further testimony when it offers no justification for not offering the testimony at the hearing before the magistrate.") [internal quotation marks and citations omitted]; *Pan Am. World Airways, Inc. v. Int'l Bhd. of Teamsters*, 894 F.2d 36, 40, n.3 (2d Cir. 1990) (district court did not abuse its discretion in denying plaintiff's request to present additional testimony where plaintiff "offered no justification for not offering the testimony at the hearing before the magistrate").

reviews the report-recommendation for clear error or manifest injustice.  *See Brown v. Peters*, 95-CV-1641, 1997 WL 599355, at *2-3 (N.D.N.Y. Sept. 22, 1997) (Pooler, J.) [collecting cases], aff'd without opinion, 175 F.3d 1007 (2d Cir. 1999).[3]  Similarly, when a party makes no objection to a portion of a report-recommendation, the Court reviews that portion for clear error or manifest injustice.  *See Batista v. Walker*, 94-CV-2826, 1995 WL 453299, at *1 (S.D.N.Y. July 31, 1995) (Sotomayor, J.) [citations omitted]; Fed. R. Civ. P. 72(b), Advisory Committee Notes: 1983 Addition [citations omitted].  After conducing the appropriate review, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."  28 U.S.C. § 636(b)(1)(C).

### B.    Standard Governing Motion for Judgment on Pleadings

Magistrate Judge Lowe correctly recited the legal standard governing a motion for judgment on the pleadings (and motion to dismiss for failure to state a claim), which is incorporated by reference herein.  (Dkt. No. 74, at 11-21.)

## III.    ANALYSIS

After carefully reviewing all of the papers in this action, including Magistrate Judge Lowe's Report-Recommendation, the Court can find no clear error with each of the conclusions offered in the Report-Recommendation.  Magistrate Judge Lowe employed the proper legal standards, accurately recited the facts, and reasonably applied the law to those facts.  As a result, the Court accepts and adopts the Report-Recommendation in its entirety, for the reasons stated

---

[3]    *See also Vargas v. Keane*, 93-CV-7852, 1994 WL 693885, at *1 (S.D.N.Y. Dec.12, 1994) (Mukasey, J.) ("[Petitioner's] general objection [that a] Report . . . [did not] redress the constitutional violations [experienced by petitioner] . . . is a general plea that the Report not be adopted ... [and] cannot be treated as an objection within the meaning of 28 U.S.C. § 636."), *aff'd*, 86 F.3d 1273 (2d Cir.), *cert. denied*, 519 U.S. 895 (1996).

therein.

      **ACCORDINGLY**, it is

      **ORDERED** that Magistrate Judge Lowe's Report-Recommendation (Dkt. No. 74) is

**<u>ACCEPTED</u>** and **<u>ADOPTED</u>** in its entirety; and it is further

      **ORDERED** that Defendants' motion (Dkt. No. 68) is **<u>GRANTED</u> in part**, to the extent

that it seeks the dismissal, pursuant to Fed. R. Civ. P. 12(b)(6), of the following claims:

      (1) all claims against Defendant Marnell;

      (2) the First Amendment retaliation claim against Defendant Honsky arising from

      the August 25, 2005, misbehavior report;

      (3) the First Amendment retaliation claim against Defendant Sorrell arising from

      the April 2005 misbehavior report and disciplinary hearing testimony;

      (4) the Eighth Amendment inadequate-medical-care claims against Defendants

      Cocco, Sorrell, and Plowman;

      (5) the Eighth Amendment excessive-force claims against Defendants Plowman,

      Sheridan and Theriault; and

      (6) the Eighth Amendment conditions-of-confinement claims against Defendants

      Cocco and Sorrell arising from the use of dirty mop heads; and it is further

      **ORDERED** that Defendants' motion (Dkt. No. 68) is **otherwise <u>DENIED</u> without**

**prejudice** (i.e., with leave to file a subsequent motion for summary judgment properly supported

by a Statement of Material Facts and admissible record evidence) to the extent that it seeks the

dismissal, pursuant to Fed. R. Civ. P. 12(b)(6) and/or Fed. R. Civ. P. 56, of the following claims:

(1) the First Amendment retaliation claim against Defendant Theriault arising from the August 31, 2005, threat;

(2) the First Amendment retaliation claim against Defendant Theriault arising from arising from the January 23, 2006, threat;

(3) the First Amendment retaliation claim against Defendant Ball arising from the April 25, 2006, threat;

(4) the First Amendment retaliation claim against Defendant Honsky arising from the August 31, 2005, misbehavior report;

(5) the First Amendment  retaliation claim against Defendant McDonald arising from the January 2006 misbehavior reports;

(6) the First Amendment retaliation claim against Defendant Ball arising from the April 26, 2006, misbehavior report; and

(7) the Eighth Amendment conditions-of-confinement claim against Defendant Taylor; and it is further

**ORDERED** that the following claims are **DISMISSED** *sua sponte*, pursuant to 28 U.S.C. § 1915(e)(2)(B):

(1) any Fourth Amendment claim against Defendant Plowman arising from his removal of Plaintiff's medication from Plaintiff's personal property;

(2) any First Amendment retaliation claim against Defendant Cocco arising from his transfer of Plaintiff to another dormitory; and

(3) any Eighth Amendment inadequate-medical-care claim against Defendant

Sorrell arising from the April 2005 misbehavior report.[4]

Dated: June 18, 2009
     Syracuse, New York

Hon. Glenn T. Suddaby
U.S. District Judge

---

[4]    The Court notes that, after this Decision and Order, the following claims (which Defendants did not address in their motion) remain in this action (subject to any second motion to dismiss for failure to state a claim and/or second motion for summary judgment):

    (1) the First Amendment retaliation claim against Defendant Plowman arising from the alleged physical attack on November 6, 2004;
    (2) the First Amendment retaliation claim against Defendant Sheridan arising from the alleged physical attack on November 9, 2004;
    (3) the First Amendment retaliation claims against Defendants Theriault and Sheridan arising from the alleged physical attack on August 31, 2005; and
    (4) the First Amendment retaliation claim against Defendant Plowman arising from the alleged removal of Plaintiff's medication from his personal property on September 3, 2005.

In addition, after this Decision and Order, the following claims remain in this action (subject to any second motion for summary judgment):

    (1) the First Amendment retaliation claim against Defendant Theriault arising from the alleged threat on August 31, 2005;
    (2) the First Amendment retaliation claim against Defendant Theriault arising from arising from the alleged threat on January 23, 2006;
    (3) the First Amendment retaliation claim against Defendant Ball arising from the alleged threat on April 25, 2006;
    (4) the First Amendment retaliation claim against Defendant Honsky arising from the misbehavior report of August 31, 2005;
    (5) the First Amendment  retaliation claim against Defendant McDonald arising from the misbehavior reports of January 2006; and
    (6) the First Amendment retaliation claim against Defendant Ball arising from the misbehavior report of April 26, 2006.